## EX PARTE FLORA.
## FLORA v. FLORA ET AL.

No. 5146. Decided February 13, 1934. 29 P (2d) 498.
Rehearing Denied January 7, 1935.

*N. J. Harris,* of Ogden, for appellant.
*Joseph Chez,* of Ogden, for respondents.

EPHRAIM HANSON, Justice.

Maude Flora, the appellant, filed a petition in the district court of Weber county, Utah, for a writ of habeas corpus against the respondents, A. B. Flora and Grace Flora, to obtain the custody of her minor children Edith Flora and Sylvia Flora, of the ages of 13 and 15 years, respectively, alleging that said children were being unlawfully restrained of their liberty by the respondents. The writ was issued and due return made thereto. The court, after hearing the evidence, awarded the care and custody of the children to the respondents. Plaintiff appeals.

The respondent A. B. Flora is the uncle of the children and Grace Flora is his wife. The evidence adduced at the hearing discloses the following:

The appellant, her husband, E. S. Flora, and their two children formery were residents of Julesburg, Sedgwick county, Colo. On January 22, 1930, there was filed in the county court of Sedgwick county, Colo., a petition alleging the said children, Edith Flora and Sylvia Flora, to be dependent and neglected. A citation was duly issued thereon and at the hearing thereof on January 25, 1930, the county court of Sedgwick county, Colo., made its order that on the promise of the parents to re-establish a suitable home at Denver, said children were awarded to the care and custody of their parents until the further order of the court. The

parents were unable to establish a suitable home at Denver, and on January 30, 1930, the respondents, by the written consent of the appellant and her husband, were given the care and custody of the children, and on said date by reason of the inability of the parents to care for said children, and by reason of the fact that they had given the respondents the care and custody of said children, the county court of Sedgwick county made a further order that the custody of the children be awarded to A. B. Flora until the further order of the court. The respondents then took the children with them to their home in Ogden, Utah, where the children have since resided under the care and custody of respondents. In March, 1930, the father, E. S. Flora, was adjudged insane and committed to a mental hospital in the state of Colorado. The appellant moved to Ogden a short time before filing the petition where she obtained work as a domestic. She testified it was her desire to remove the children to Oregon where she claimed she could obtain employment.

The trial court found that the parents were not in a condition to properly care for said children, that the father was incompetent and that the mother had no funds with which to support them, and that it was for the best interests of the children that they remain in the custody of the respondents.

We are not disposed to change the finding of the trial court. In view of the undisputed evidence, we scarcely see how that court could have come to any other conclusion. While we recognize as a general rule the rights of the parents are to be respected as to the care, custody, and control of their minor children, still where it appears, as it does in this case, that the parents are unable to properly care for them, the welfare of the children is the paramount consideration. Here the parents, by written consent, surrendered the custody of the children to the respondent A. B. Flora. Further, the county court of Sedgwick county, which had jurisdiction over the children, duly made its order that the said A. B. Flora have the care

and custody of said children until the further order of the court. There is nothing in the evidence that suggests that the condition of the parents has been bettered since that order was made.

That the children have a good home, are well provided for, and have educational advantages is not disputed. The burden was on the plaintiff to show that the children were not receiving proper physical, moral, and intellectual training. *Stanford* v. *Gray,* 42 Utah 228, 129 P. 423, Ann. Cas. 1916A, 989. The decisions of this court in the following cases announce the true rule and we are not disposed to depart therefrom: *Wallick* v. *Vance,* 76 Utah 209, 289 P. 103; *Harrison* v. *Harker,* 44 Utah 541, 142 P. 716; *Jensen* v. *Earley,* 63 Utah 604, 228 P. 217; *Jones* v. *Moore,* 61 Utah 383, 213 P. 191; *Farmer* v. *Christensen,* 55 Utah 1, 183 P. 328; *Hummel* v. *Parrish,* 43 Utah 373, 134 P. 898.

The judgment of the trial court is affirmed. Respondents to recover their costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.